IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
PATRICK SHAWN SYLVESTER,       )
                               )
          Plaintiff,           )
                               )
     v.                        )       1:18CV262
                               )
DONNIE INMAN,                  )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Defendant Donnie Inman's motion for summary judgment. (Doc. 11.) Pro se Plaintiff Patrick Sean Sylvester was arrested by Defendant, an officer with the Denton Police Department, on February 3, 2016, pursuant to a warrant for statutory rape, indecent liberties, and contributing to the delinquency of a minor. (Complaint ("Compl.") (Doc. 2) at 1; Affidavit of Donnie Inman ("Inman Aff.") (Doc. 11-1) ¶¶ 1, 6-7.) Plaintiff alleges that this arrest violated his Fourth Amendment rights because Defendant lacked probable cause to make an arrest and because Defendant "assaulted" Plaintiff while conducting the arrest. (See Compl. (Doc. 2) at 1.) Plaintiff further alleges that, while imprisoned, he suffered injuries due to (1) the conditions of his confinement and (2) an assault by

another inmate, allegedly caused by a correctional officer revealing information about the nature of Plaintiff's criminal charges. (Id.)

Defendant has moved for summary judgment, (Doc. 11), submitted a memorandum in support of this motion, (Doc. 12), and attached an affidavit and other supporting documents. Plaintiff has not responded opposing the motion. Because this court finds that Plaintiff has failed to raise any genuine issue of material fact regarding whether his arrest was constitutional, Defendant's motion for summary judgment will be granted.

## I. STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court must determine whether there remains a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "Once a defendant makes a properly supported motion for summary judgment, the burden shifts to the plaintiff to set forth specific facts showing that there is a genuine issue for trial." Sylvia Dev. Corp. v. Calvert Cty., 48 F.3d 810, 817 (4th Cir. 1995). "On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). If there is no genuine dispute about any fact material to the moving party's claim,

then "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289–90 (1968) (stating that a dispute is not genuine for summary judgment purposes when one party rests solely on allegations in the pleadings and does not produce any evidence to refute alternative arguments). This court must look to substantive law to determine which facts are material — only those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 247.

In addition, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. at 247-48. "[T]he non-moving party must do more than present a 'scintilla' of evidence in its favor." Sylvia Dev. Corp., 48 F.3d at 818. Ultimately, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

## II. **LEGAL FRAMEWORK & ARGUMENTS**

Plaintiff claims a violation of his Fourth Amendment rights.[1] The Fourth Amendment protects the right "to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

> Whether [an] arrest was constitutionally valid depends . . . upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.

Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Virginia v. Moore, 553 U.S. 164, 171 (2008) ("[W]hen an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests is not

---

[1] While Plaintiff is proceeding pro se, he still must "give the defendant fair notice of what [his] claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The complaint refers only to the Fourth Amendment. While Plaintiff may wish to bring an Eighth Amendment claim based on allegations regarding his treatment in prison, this court finds the complaint wholly insufficient to provide fair notice of such a claim because Plaintiff does not articulate any legal basis for that claim. This court declines to independently plead new claims on Plaintiff's behalf. See, e.g., Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 522 n.6 (9th Cir. 1994) ("We agree with the dissent that a complaint must be read charitably at the Rule 12(b)(6) stage. However, a reviewing court need not go so far as to invent claims not within the reasonable intendment of the complaint.").

in doubt. The arrest is constitutionally reasonable."); Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

The default rule is that probable cause establishes constitutionality; the Supreme Court has recognized exceptions only when "searches or seizures [are] conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests." Whren v. United States, 517 U.S. 806, 818 (1996). Such extreme cases include bodily penetration incident to arrest, which is evaluated under a more flexible balancing test. See Winston v. Lee, 470 U.S. 753, 760–63 (1985) (surgery to remove bullet lodged inside arrestee); Schmerber v. California, 384 U.S. 757, 758–59, 771 (1966) (extraction of blood to measure blood alcohol content). The Supreme Court has not, however, held that allegations of assault or excessive force alone abrogate the default probable-cause rule.

The use of excessive force during an arrest violates the Fourth Amendment only when it is not objectively reasonable. In other words, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). Relevant factors include "the severity of the crime at issue,

whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

An officer is shielded by qualified immunity "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987); see also Pearson v. Callahan, 555 U.S. 223, 243-44 (2009) ("An officer conducting a search is entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment.").

Defendant first argues that Plaintiff fails to plead a Fourth Amendment violation because Defendant acted "pursuant to a facially valid arrest warrant" and the arrest was thus reasonable as a matter of law. (Doc. 12 at 6.) Defendant further asserts that he is entitled to qualified immunity because "his conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." (Id. at 7.)

### III. **ANALYSIS**

Plaintiff fails to put forward any evidence to support the allegation that he was arrested without probable cause. Therefore, this court finds no reason to doubt the affidavit and

warrant submitted by Defendant, both of which demonstrate that Defendant had probable cause for the February 3, 2016 arrest. (See Inman Aff. (Doc. 11-1) ¶ 6; Warrant for Arrest, Ex. B. (Doc. 11-3).) This court finds the evidence sufficient to establish that probable cause existed for the arrest. The court also does not consider Plaintiff's allegations regarding physical force to be anywhere near the level of intrusiveness necessary to take this case outside the realm of the default probable-cause rule. See Atwater, 532 U.S. at 354–55. Plaintiff has therefore failed to raise a genuine dispute of material fact as to whether the arrest itself violated the Fourth Amendment. See, e.g., Porterfield v. Lott, 156 F.3d 563, 571 (4th Cir. 1998) ("Because the search of Porterfield was effected pursuant to a valid warrant supported by probable cause, the search did not run afoul of Porterfield's Fourth Amendment right to be free from unreasonable searches.").

This court further finds that Plaintiff has not raised a genuine dispute as to whether the force used during the arrest was objectively reasonable. Plaintiff alleges only that "OFFICER Donnie Inman assaulted [him] wile [sic] [he] was in handcuffs, and that is Police Brutality." (Compl. (Doc. 2) at 1.) Plaintiff has not provided sufficient factual allegations for this court to determine the reasonableness of any force allegedly used

during the arrest. For example, Plaintiff does not indicate which part of his body (if any) was harmed during the arrest, nor does he mention medical treatment that he received for any such injury. As far as this court can discern, Plaintiff may be referring to the simple act of placing him in handcuffs. Plaintiff may not rely on an unsupported allegation to survive summary judgment. See Cities Serv. Co., 391 U.S. at 288–89.

Because this court has determined that summary judgment should be granted to Defendant on all claims, it does not reach the question of whether Defendant is entitled to qualified immunity.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (Doc. 11), is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims contained in the Complaint, (Doc. 2), are **DISMISSED.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 9th day of July, 2019.

_____
United States District Judge